UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**CHRISTOPHER CRUZ**, an individual, and
**EDWARD ORENGO**, an individual

    Plaintiffs,

v.

**ROCKFORD CONSTRUCTION COMPANY, INC.**,
a domestic profit corporation, And
**DANIEL SANTIAGO**, an individual.

    Defendants.

Case No.

HON.

_____/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
_____/

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is a civil action brought by Plaintiffs to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. During the period of the parties' employment relationship, Defendants failed to pay overtime at a rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

3. During the period of the parties' employment relationship, Defendants failed to compensate the Plaintiffs the required minimum wage for all hours worked.

4. Plaintiffs seek a declaration that their rights were violated, an award of unpaid wages, an award of liquidated damages along with an award of attorney's fees and costs to make them whole for damages suffered.

## JURISDICTION & VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. Defendant corporation's employees engage in interstate commerce; therefore, they are covered by the FLSA on an individual basis.

7. The Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

8. Supplemental jurisdiction is appropriate because Plaintiff's state law claim shares a common nucleus of operative fact with Plaintiff's federal claim and are most efficiently resolved together in one court.

9. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

11. Plaintiff Christopher Cruz ("Cruz") is an individual who at all times relevant to this complaint resided in the County of Kent, state of Michigan.

12. Plaintiff Cruz has worked for Defendants as an hourly employee from June 6, 2016 to August 15, 2016.

13. Plaintiff Cruz executed a consent to sue form, attached hereto as *Exhibit A*.

14. Plaintiff Edward Orengo ("Orengo") is an individual who at al times relevant to this complaint resided in the County of Kent, state of Michigan.

15. Plaintiff Orengo has worked for Defendants as an hourly employee from June 6, 2016 to September 8, 2016.

16. Plaintiff Orengo executed a consent to sue form, attached hereto as *Exhibit B*.

17. Defendant Rockford Construction Company, Inc., (hereinafter referred to as "Rockford Construction") is a domestic limited liability company located at 601 First St. NW Grand Rapids, MI 49504. *Exhibit C.*

18. Defendant Daniel Santiago, (hereinafter referred to as "Santiago") is an individual who is a resident of the County of Kent, state of Michigan.

19. Defendant Santiago is an agent/contractor or manager for Defendant Rockford Construction.

20. Defendant Santiago was responsible for the day to day operation of the business and was directly involved in the decisions regarding the work, scheduling and compensation of Plaintiffs.

21. Defendant Rockford Construction is an enterprise engaged in commerce or in the production of goods for commerce, as defined by FLSA.

22. Defendant Rockford Construction is a construction company specializing in planning, pre-construction, real estate development, construction, and property management. *See* http://rockfordconstruction.com/ (last visited May 2, 2018).

23. Defendant Rockford Construction is a nationally-recognized builder licensed in 45 states.

24. Plaintiffs were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

25. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

26. Defendants underpaid Plaintiff for both overtime and straight time worked.

## GENERAL ALLEGATIONS

27. In 2016, Defendants offered Plaintiffs employment and Plaintiffs accepted.

28. All Plaintiffs worked as construction workers for Defendants.

29. All Plaintiffs installed flooring and baseboards, caulking, and generally worked on floors on buildings for Defendants.

30. All Plaintiffs were paid bi-weekly.

31. All Plaintiffs were paid $12.00 an hour for the entire duration of his employment with the Defendants.

32. All Plaintiffs were paid in cash.

33. All Plaintiffs were never paid overtime rate of one and one half time their rate for any hours worked over forty (40).

34. All Plaintiffs were paid straight time for hours worked over forty (40).

35. All Plaintiffs reported shorted hours and were underpaid for straight time worked.

36. Plaintiff Cruz worked for Defendants from June 6, 2016 to August 15, 2016.

37. Plaintiff Cruz worked Monday through Saturday from 7:00 AM to 5:00 PM with some variations.

38. Plaintiff Cruz would work on occasion as late as 3:00 AM.

39. Plaintiff Cruz worked on average 60 hours per week.

40. Plaintiff Orengo worked for Defendants from June 6, 2016 to September 8, 2016.

41. Plaintiff Orengo worked Monday through Saturday from 7:00 AM to 5:00 PM with some variations.

42. Plaintiff Orengo worked on average 60 hours per week.

43. All Plaintiffs were not required to keep a time card.

44. Defendant Santiago was in charge of keeping the time card for the Plaintiffs.

45. Defendant Santiago in maintaining the time cards, routinely kept inaccurate records in the time cards.

46. All Plaintiffs report that Defendant usually did not keep accurate records for hours worked.

47. During their employment, Plaintiffs worked for all Defendants.

48. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate for hours worked over forty (40) per work week as required by the FLSA and WOWA.

49. Defendants did not compensate Plaintiffs for all the hours they worked.

50. Defendants did not compensate Plaintiff Cruz for 112 hours of straight time worked in his final weeks of employment with Defendants.

51. Defendants did not compensate Plaintiff Orengo for 154 hours of straight time worked in his final weeks of employment with Defendants.

## **WILLFUL VIOLATION OF FLSA**

52. Defendant Santiago would routinely short Plaintiffs hours in order to pay them less, despite Plaintiffs bringing the same to his attention every day.

53. Defendant Santiago would consistently be late with compensation and every time he did pay, it was with shorted hours.

54. Defendants are a sophisticated business and individual with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

55. Defendants utilized their business to subvert their obligations under state and federal law.

56. Defendants knew or should have known that Plaintiff was entitled to be compensated, at the appropriate rate, for all hours worked.

57. Defendants to this day have outstanding compensation to Plaintiffs which were never paid.

58. Defendants pattern of shorting hours and not compensating workers on time even when put on notice rises to the level of awareness and therefore willful.

59. Defendants knew Plaintiffs were working overtime hours, and did not address overtime compensation.

60. Defendants did not display notice, as required by the Department of Labor, addressing Plaintiffs' wage and hour right.

61. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY OVERTIME

62. Plaintiffs hereby incorporates and realleges all the paragraphs above.

63. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

64. Plaintiffs were "employee[s]" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

65. Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

66. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

67. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

68. Defendants violated the FLSA by failing to pay the Plaintiff the federally mandated minimum wage for all hours worked as well as failing to pay Plaintiff an overtime premium for all hours worked in excess of forty (40) hours per workweek.

69. Defendants' violations of the FLSA were knowing and willful.

70. As a result of Defendants' violation, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY MINIMUM WAGE

71. Plaintiff hereby incorporates and realleges all the paragraphs above.

72. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

73. Plaintiff was an "employee" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

74. Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

75. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

76. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

77. Defendants violated the FLSA by failing to pay Plaintiff the federally mandated minimum wage for all hours worked.

78. Defendants did not pay Plaintiff Cruz 112 hours of minimum wage.

79. Defendants did not pay Plaintiff Orengo 154 hour of minimum wage.

80. Defendants' violations of the FLSA were knowing and willful.

81. As a result of Defendants' violation, Plaintiffs are entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT III
## VIOLATION OF THE MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT

82. Plaintiffs hereby incorporates and realleges all the paragraphs above.

83. The Michigan's Workforce Opportunity Wage Act, makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A. § 408.411, et seq.

84. Defendants were an "employer" as defined under the WOWA at all relevant times.

85. Plaintiffs were "employee[s]" as defined under the WOWA at all relevant times.

86. Defendants regularly suffered or permitted Plaintiff to work more than forty (40) hours per workweek.

87. Defendants did not pay Plaintiffs one-and-a-half times his regular hourly rate for the hours worked in excess of forty hours in a workweek as mandated by Michigan law pursuant to M.C.L. § 408.414a.

88. Defendants did not pay Plaintiffs the minimum wage for all hours worked by Plaintiff as mandated by WOWA.

89. Defendants did not pay Plaintiff Cruz 112 hours of minimum wage.

90. Defendants did not pay Plaintiff Orengo 154 hour of minimum wage.

91. The WOWA, provides that as a remedy for a violation of the Act, an employee is entitled to overtime compensation and an equal additional amount as liquidated damages together with costs and such reasonable attorney fees."

92. Plaintiffs are therefore entitled to his unpaid overtime wages as well as an equal amount as liquidated damages.

93. Plaintiffs are also entitled to costs and reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief:

A. An Order declaring Defendants willfully violated the FLSA;

D. An Order declaring Defendants violated the WOWA;

F. An Order granting judgment in favor of Plaintiffs and against Defendants, jointly and severally, and awarding Plaintiffs the full amount of damages and liquidated damages available to them under the FLSA and MWOWA;

H. An Order awarding reasonable attorney's fees and costs incurred by Plaintiffs under the FLSA as provided by statute;

I. An Order awarding reasonable attorney's fees and costs incurred by Plaintiffs under the Michigan WOWA as provided by statute;

L. An Order awarding pre- and post-judgment interest to Plaintiffs on these damages; and

M. An Order awarding such other and further relief as this Court deems appropriate.

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiffs Christopher Cruz and Edward Orengo, by and through their attorneys, and hereby requests a trial by jury.

Dated: May 16, 2018

Respectfully Submitted,

*/s/ Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs

Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 5/16/18

Christopher Cruz

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 5/16/2018

Edward Orengo